■ In the Matter of ETHEL SEALY et al., Respondents, v ALBERT VANN et al., Appellants, and ROSEMARY A. MILLUS et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 1.) In the Matter of ETHEL SEALY et al., Respondents, v ALBERT VANN, Appellant, and ROSEMARY A. MILLUS et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 2.) In the Matter of SYLVIA R. FUEL, Respondent, v ANNETTE ROBINSON, Appellant, and ROSEMARY A. MILLUS et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 3.) In the Matter of ROBERT A. HUNTER, Respondent, v ALBERT VANN, Appellant, and ROSEMARY A. MILLUS et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 4.) In the Matter of ROBERT TAYLOR, Respondent, v ALBERT VANN, Appellant, and ROSEMARY A. MILLUS et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 5.) In the Matter of ALBERT VANN et al., Appellants, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and GREER A. PEACOCK et al., Respondents-Respondents. (Proceeding No. 6.)—In five proceedings to invalidate petitions designating, *inter alia,* Albert Vann as a candidate for the public office of Member of the New York State Assembly from the 56th Assembly District and the party position of Male Member of the Democratic State Committee from the 56th Assembly District, and Annette M. Robinson as a candidate for the party position of Female Member of the Democratic State Committee from the 56th Assembly District, Kings County, in the Democratic Party primary election to be held on September 9, 1986, and a proceeding to validate those petitions, *inter alia,* as to candidates Vann and Robinson, the appeals are from five judgments of the Supreme Court, Kings County (Rader, J.), all dated August 8, 1986, which granted the applications to invalidate the petitions as to Vann and Robinson and directed the Board of Elections to remove their names from the appropriate ballots, and from so much of a sixth judgment of the same court, also dated August 8, 1986,

as denied an application to validate the petitions as to Vann and Robinson.

Judgments affirmed, without costs or disbursements.

In the instant appeals, we are concerned solely with the question of whether the cover sheet of the appellants' designating petitions sufficiently complies with the requirements of Election Law § 6-134 (2) as that statutory provision has been construed by the Court of Appeals. It is not disputed that the appellants filed a cover sheet listing, in immediate succession, the names and residences of a total of 18 candidates. The name of the last candidate was followed by a statement setting forth the total number of pages and signatures contained within the volume of joint designating petitions to which the cover sheet was affixed. However, the cover sheet failed to contain a separate statement of the number of signatures and pages referrable to each individual candidate. As a result, Special Term invalidated the petitions. We affirm.

While mere irregularities in a cover sheet which affect less than all of the listed candidates should not result in the blanket invalidation of joint petitions as to each and every candidate (see, e.g., Matter of Amalfitano v Sadowski, 51 NY2d 719), strict compliance with the requirements of Election Law § 6-134 (2) is mandated (Matter of Smith v Mahoney, 60 NY2d 596). With respect to joint designating petitions, the statute provides in pertinent part as follows: "2. Sheets of a designating petition shall be bound together in one or more volumes. The sheets in each volume shall be numbered consecutively at the foot of each sheet, beginning with number one. There shall be a cover sheet attached to each petition consisting of ten or more sheets and each volume thereof. Each cover sheet shall indicate the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition".

The above language was interpreted by the Court of Appeals in (Matter of Delle Cese v Black (63 NY2d 694), where the petitions designated candidates for various public and party offices in Bronx County. While the cover sheet set forth, inter alia, the total number of pages and signatures for each volume and for the petitions as a whole, it did not state the number of pages and signatures with respect to each individual candidate. In concluding that such an omission was fatal, the court observed: "While the statute permits the petition of

several candidates to be joined, if the petition consists of more than 10 sheets, *the cover sheet must set forth the total number of signatures designating candidates for each office, and the pages on which they are found. Without such specification the petitions failed to comply with the statute* and the Appellate Division properly denied the petition to validate" *(Matter of Delle Cese v Black, supra,* p 695; emphasis added). Subsequently, in July 1985, the Legislature amended Election Law § 6-134 (2) (as amended by L 1985, ch 296) so as to require the cover sheet to set forth further information for candidates seeking the position of county committee member; however, the amendment did not affect candidates for any other offices or positions.

With this historical perspective *Matter of Pecoraro v Mahoney* (65 NY2d 1026) was decided. In that case, three candidates seeking the Conservative Party nominations for the offices of Erie County Sheriff, District Attorney and Comptroller, respectively, submitted joint designating petitions consisting of one volume containing 87 pages and 1,006 signatures. As in *Matter of Delle Cese v Black* (63 NY2d 694, *supra),* the cover sheet did not set forth the number of signatures for each of the candidates, nor did it list the pages at which such signatures could be found. The petitions were held invalid, with the court noting that: "Although the statute permits petitions of several candidates to be joined, each candidate's petition is a petition for a separate office, and if the joint petition consists of more than 10 sheets the cover must set forth the total number of signatures designating the candidate for each office and the pages on which they may be found (see, Election Law § 6-134 [2]; *Matter of Delle Cese v Black,* 63 NY2d 694). This requirement is not a mere formalism. Unless the data supporting each candidacy is supplied and identified, the notice and informational purposes of the statute are completely frustrated. The figures supplied on the cover sheets of these volumes identified only the total number of signatures contained without identifying those supporting the individual candidates. Faced with this lack of specificity, election officials and interested parties had no choice except to search through the volumes page by page to determine the sheets designating each candidate and the validity of the signatures contained on them" *(Matter of Pecoraro v Mahoney, supra,* pp 1027-1028). The appellants in this case argue, as did the dissenting opinion of Judge Jasen, in which Judge Meyer joined, that the majority's decision in *Matter of Pecoraro* is one which "exalts hypertechnical form over substantive merit and exacts a

draconian penalty wholly disproportionate to the supposed mistake on [the] designating petition" *(Matter of Pecoraro v Mahoney, supra,* p 1028). However, we note that, notwithstanding the views advanced in the dissent, the majority adhered to the requirement of strict compliance with Election Law § 6-134 (2).

We perceive no valid distinction between *Matter of Pecoraro (supra)* and these proceedings. Indeed, both controversies involve petitions which relate to all of the candidates named on the respective cover sheets, and the number of required signatures for the various positions are the same. While the designating petitions in *Matter of Pecoraro* contained additional defects, it is clear from both the majority and dissenting opinions that the omission of signature and page totals for each individual candidate constituted the basis for the invalidation of the petitions. Moreover, insofar as the appellants urge that we treat the instant error as inconsequential pursuant to the rationale of *Matter of Staber v Fidler* (65 NY2d 529), we note that the latter case was decided on the same day as *Matter of Pecoraro (supra).* Therefore, the Court of Appeals could have applied such an inconsequential error analysis in *Matter of Pecoraro* had it deemed such an analysis proper.

Finally, it is significant that the Legislature has not seen fit to amend the subject statute in order to obviate the result dictated by the *Matter of Pecoraro* decision.

In the face of such recent controlling authority, we are bound to conclude, as did the Appellate Division, Fourth Department, in *D'Amico v Mahoney* (115 AD2d 348), that the petitions fail to comply with Election Law § 6-134 (2). Bracken, J. P., Niehoff, Eiber and Spatt, JJ., concur.