■ In the Matter of THOMAS SWIFT, Appellant, v SANDRA LEFEVER et al., Respondents.—In a proceeding to invalidate a petition designating, *inter alia,* Samuel Coleman as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of Member of the New York State Assembly from the 93rd Assembly District, the appeal is from a judgment of the Supreme Court, Rockland County (Edelstein, J.), entered August 5, 1986, which denied the application.

Judgment affirmed, without costs or disbursements.

The appellant contends that the Supreme Court, Rockland County, erred in failing to invalidate the challenged petition as to the candidate Samuel Coleman under the rule of *Matter of Pecoraro v Mahoney* (65 NY2d 1026). We disagree. In *Matter*

*of Pecoraro,* as in many of the cases with which this court is presently confronted *(see, e.g., Matter of Sealy v Vann,* 122 AD2d 919), the cover sheet for the joint designating petition failed to set forth separate signature and page totals for each of the individual candidates named thereon. The Court of Appeals concluded, as has this court in the factually similar cases decided herewith, that Election Law § 6-134 (2) had not been complied with because it was impossible to discern, from the cover sheet alone, which signatures and pages referred to each of the various candidates.

Conversely, the instant case involves a single volume containing 2,223 total signatures, the cover sheet of which *separately* lists this same number of signatures with respect to *each* of the named candidates. Hence, it is clear from the face of the cover sheet that all of the signatures contained within the petition apply to each candidate. Moreover, while the total number of pages in the petition is listed only once on the cover sheet, this fact does not render the petition invalid, for a mere glance at the cover sheet reveals that since the 2,223 signatures occupy 160 pages, the same 2,223 signatures with respect to each of the named candidates are also to be found in those 160 pages. Because the cover sheet in the case at bar sets forth "the total number of signatures designating the candidate for each office and the pages on which they may be found" *(Matter of Pecoraro v Mahoney, supra,* p 1028), the instant petition complies with Election Law § 6-134 (2) and the invalidation application was properly denied. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.