(August 22, 1986)

■ In the Matter of JAMES P. KEANE, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 6, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, *inter alia,* declare invalid the designating petition naming respondent Jack F. Kemp as the Conservative Party candidate for the office of Member of Congress for the 31st Congressional District in the September 9, 1986 primary election.

A multicandidate designating petition was filed with respondent New York State ·Board of Elections naming Jack F. Kemp as the Conservative Party candidate for the office of

Member of Congress for the 31st Congressional District. The petition also named the remaining respondents in this proceeding as candidates for the Conservative Party's State Committee to be elected from the 31st Congressional District. Petitioner is the Democratic Party candidate for the office of Member of Congress for the 31st Congressional District. He commenced the instant proceeding seeking to invalidate the designating petition on the ground that the petition's cover sheet failed to comply with Election Law § 6-134 (2).* Special Term found that the designating petitions were in compliance with the statute and, accordingly, dismissed the proceeding. This appeal by petitioner ensued.

Election Law § 6-134 (2) provides that the cover sheet of a designating petition: "shall indicate the office for which each designation and nomination is being made, the name and residence of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition."

The Court of Appeals has held that, where a multicandidate designating petition is filed, the statute requires that the cover sheet allocate all of the signatures and pages to the particular candidates *(Matter of Pecoraro v Mahoney*, 65 NY2d 1026). In the instant case, unlike *Pecoraro* and *Matter of Rubinstein v Board of Elections* (122 AD2d 974), the cover sheet states: "The within petition consists of 1 volumes containing in the aggregate 114 pages and 569 signatures. This volume is No. 1 of 1 volumes. The within volume contains pages numbered from 1 to 114 and contains 569 signatures. *All of the above pages and signatures apply to all of the designated candidates"* (emphasis supplied).

Special Term properly found that the emphasized statement cured the defect found in *Pecoraro*. While strict compliance with the requirements of the Election Law is mandated as to matters of prescribed content, substantial compliance is acceptable as to details of form *(Matter of Hutson v Bass*, 54 NY2d 772, 774). In this case, in view of the addition of the above-mentioned language, election officials and interested parties would not have to search through the designating petition page by page to determine which sheets applied to which candidates. Therefore, the cover sheet of the designating petition did not fail to comply with Election Law § 6-134 (2).

---

* Prior to Special Term's decision, petitioner withdrew his request for relief with respect to all of respondent candidates except for Kemp.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.