■ In the Matter of JUDAH P. RUBINSTEIN et al., Appellants, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK et al., Respondents. (And Two Other Related Proceedings.)—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 13, 1986 in Albany County, which, *inter alia,* dismissed petitioners' application, in three proceedings pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioners as Democratic Party candidates for the public offices of Governor, Lieutenant Governor and United States Senator in the September 9, 1986 primary election.

A multicandidate designating petition was filed with respondent New York State Board of Elections naming petitioners as Democratic Party candidates for the public offices of Governor, Lieutenant Governor and United States Senator of the State of New York. After objections were filed, the Board invalidated the designating petition. Petitioners commenced the instant proceeding seeking to validate the designating petition. Two separate proceedings were commenced seeking to invalidate the designating petition. The proceedings were heard together and Special Term, holding that the cover sheet of the designating petition failed to comply with Election Law § 6-134 (2), dismissed the proceeding seeking to validate the designating petition and dismissed the other two proceedings as moot. This appeal by petitioners ensued.

Election Law § 6-134 (2) provides that the cover sheet of a designating petition: "shall indicate the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition." The Court of Appeals has held that, where a multicandidate designating petition is filed, the statute requires that the cover sheet allocate all of the signatures and pages to the particular candidates *(Matter of Pec-*

*oraro v Mahoney,* 65 NY2d 1026). Here, since there was no attempt made to allocate the signatures and pages to the particular candidates, the case falls squarely within the holding of *Pecoraro.* Further, no statement was included on the cover sheet indicating that all of the pages and signatures apply to all of the designated candidates *(see, e.g., Matter of Keane v New York State Bd. of Elections,* 122 AD2d 966). Thus, Special Term properly held that the designating petition was not in compliance with Election Law § 6-134 (2).

Petitioners also advance the claim that Election Law § 6-134 (2) is unconstitutional. This claim must be rejected. States have a compelling interest in preserving the integrity of their electoral process *(see, Storer v Brown,* 415 US 724). Mandatory strict compliance with the Election Law facilitates the discovery of irregularities or fraud in designating petitions *(Matter of Rutter v Coveney,* 38 NY2d 993). It also reduces the likelihood of unequal enforcement *(Matter of Staber v Fidler,* 65 NY2d 529). Further, compliance with Election Law § 6-134 (2) does not impose a difficult burden on a candidate. Thus, the statute is not unconstitutional.

We have considered petitioners' remaining contentions and find them without merit.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.