OPINION OF THE COURT
Per Curiam.
These appeals involve the application of Matter of Pecoraro v Mahoney (65 NY2d 1026) to a range of factual settings. Pecoraro requires that data concerning the number of sheets and number of signatures designating a candidate be indicated on the cover sheet but does not mandate that it be in any particular form, provided the notice and informational purposes specified in the statute (Election Law § 6-134 [2], [3]) are satisfied.
The statutory requirement is not a mere technicality but is designed to provide those seeking to determine the adequacy of the petition with a summary of each volume submitted. It is unreasonable and impractical, within the time constraints afforded by this election process, to require interested parties seeking to ascertain facial validity to count each signature on each page of each volume for every candidate. In order to carry out that purpose the cover sheet must clearly state the number of signatures for each candidate with respect to the particular office.

Matter of Ruiz v Saez

Involved in these proceedings are petitions for public office and party positions on the Democratic primary ballot of September 9, 1986 set forth in volumes 59 (73rd Assembly District), 60 and 61 (76th Assembly District) and 64 (74th Assembly District). Although the cover sheets for volumes 59, 60 and 61 set forth after the name of each of the candidates for Senate, Assembly and Civil Court data showing the volume number, number of pages and number of signatures, no such individual data was set forth on the cover sheet of volume 64 for the Assembly candidate, there being only one block of data for her and for the other 20 candidates whose names appeared on that cover sheet. Nor was such individual data set forth on the cover sheet for volumes 59, 60 and 61 for the 10 candidates for party positions and delegates to the judicial conven *161 tian sought to be designated by each of those volumes, there being only one block of data for all 10 candidates. Thus, as to those candidates the data supporting each candidacy has not been supplied and identified as required by Matter of Pecoraro v Mahoney (65 NY2d 1026, supra).
Respondents argue that the use of similar blocks following the names of the Senate, Assembly and Civil Court Judge candidates on the cover sheets for volumes 59, 60 and 61 constituted a graphic or pictorial representation that the data following the names of party position candidates was intended to apply to all of them, that Pecoraro is distinguishable because there invalidation was predicated on other grounds in addition to the cover sheet error, and that the petitions in the present case conformed to Board of Elections rule.
The Board’s rule cannot change the requirements of the governing statute, however (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451) and, as the Pecoraro memorandum makes clear, the petitions there involved would have been invalidated had there been no "additional defects.” (65 NY2d, at p 1028.)
Respondents’ graphic representation argument is inapplicable to volume 64 the cover sheet of which contained but one block of data. Nor does it save the candidacies sought to be designated by the other three petitions, for the alleged graphic presentation does not convey the data required by the statute. While no particular form is mandated, that data must be set forth in a manner reasonably calculated to give the requisite notice and information to the reader (compare, Matter of Potter v Dudek, 68 NY2d 154, with Matter of Keane v State Bd. of Elections, 122 AD2d 966, lv denied 68 NY2d 605 ["(a)ll of the above pages and signatures apply to all of the designated candidates”]; and Matter of Swift v Lefever, 122 AD2d 922, lv denied 68 NY2d 605 [stating the total number of signatures and pages and adding opposite the name of each candidate the same total number of signatures] [all decided herewith]).

Matter of Potter v Dudek

A joint petition was filed designating appellants, Christopher Burns and Gregory Dudek, as candidates for the offices of County Court Judge and Family Court Judge. The cover sheet recited these facts, specified that the petition contained "in the aggregate 1,036 pages and 18,560 signatures,” and concluded: "The petition contains 18,560 signatures and 1,036 *162 pages for the above mentioned candidates.” Special Term granted respondents’ invalidation petition on authority of Pecoraro and ordered the Board of Elections to remove appellants from the ballot, and a divided Appellate Division affirmed.
Pecoraro does not require invalidation of the petition. There, a petition was filed on behalf of candidates for three offices, and we held that in such a situation failure to reflect the signature totals for each candidate frustrates a primary purpose of the Election Law to facilitate the discovery of fraud and irregularity (see, Election Law § 6-134 [2]; see also, Matter of Staber v Fidler, 65 NY2d 529, 534). Here, the statement that the signatures contained in the petition were for both candidates satisfied the statutory purpose. We decline respondent’s invitation to read the cover sheet statement microscopically so as to uncover an ambiguity in order to invalidate candidacies. Unquestionably a cover sheet statement such as that contained in Matter of Keane v State Bd. of Elections (supra) is preferred. However, the statement before us in the circumstances conveys the same import and should not precipitate the invalidation of appellants’ candidacies.

Matter of DePaolo v Mahoney

For much the same reason, appellant Charles Termini should be restored to the ballot.
A joint designating petition was filed on behalf of the candidacy of appellant, Charles Termini, for two local offices: Member of the Assembly and Member of the State Committee for the same district. The cover sheet set forth this information and stated that the petition consisted of 231 pages and 3,155 signatures. The Appellate Division, affirming Special Term, invalidated the petition on the authority of Matter of Pecoraro v Mahoney (65 NY2d 1026, supra).
The present case, however, involves only one individual. While in Pecoraro there was little reason to believe that a person signing the petition on behalf of one candidate necessarily supported the candidacy of the other two, here, by contrast, the presumption is overwhelming that a person endorsing appellant for one local office also endorsed him for the other.
Accordingly, in Matter of Ruiz v Saez the order of the Appellate Division should be reversed, without costs, and judgment granted invalidating the petitions for public office *163 and party positions and directing that the Board of Elections remove from the Democratic primary ballot of September 9, 1986 the names of the candidates for those positions set forth in Bronx volumes 59 (73rd Assembly District), 60 and 61 (76th Assembly District) and 64 (74th Assembly District).
In Matter of Potter v Dudek the order of the Appellate Division should be reversed, without costs, and the petition to invalidate appellants’ joint designating petition denied.
In Matter of DePaolo v Mahoney the order of the Appellate Division should be reversed, without costs, and the petition to validate appellant’s joint designating petition granted.