■ In the Matter of Louis R. Giansante et al., Respondents, v Walter B. Lowenstein et al., Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of John J. Reynolds et al., Respondents, v Walter B. Lowenstein et al., Appellants. (Proceeding No. 2.) In the Matter of Daniel A. Mancusi et al., Respondents, v Walter B. Lowenstein et al., Appellants. (Proceeding No. 3.)—In three consolidated proceedings to validate petitions designating various candidates in the Democratic Party primary election to beheld on September 15, 1987, for various public offices and party positions in the City of Glen Cove, the appeal is from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered August 6, 1987, which granted the applications.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners submitted two separate volumes of designating petitions, each contained within a black vinyl binder. One volume was for members of the County Committee from the 13th Assembly District in the City of Glen Cove, and the other volume was for Mayor-Supervisor and Members of the City Council of the City of Glen Cove. Within each binder there was a cover sheet, followed by the pages of the designating petition. The appellants argue that the black vinyl binders constitute the designating petitions' cover sheets, and since they do not contain the information required by the Election Law § 6-134 (2), the designating petitions are invalid. We agree with the Supreme Court that the vinyl binders are not, and were not intended to be, cover sheets of the designating petition. It is clear that the purpose of the black vinyl binders was to protect the cover and petition sheets contained therein, and were not intended to convey information required under Election law § 6-134 (2). In addition, the appellants concede that they were not misled by the fact that the cover sheets were located beneath the vinyl binders.

The appellants further contend that Supreme Court erred in concluding that the Board of Elections of the County of

Nassau improperly determined that the cover sheet on the designating petition for Mayor-Supervisor and Members of the City Council was insufficient since it did not indicate that all of the signatures on all of the pages applied to all of the candidates. However, the introductory paragraph clearly stated that the signatures in the petitions are "to support the nomination of the following candidates for public office". While a cover sheet statement similar to that contained in *Matter of Keane v New York State Bd. of Elections* (122 AD2d 966, *lv denied* 68 NY2d 605), is preferred, the instant statement conveys the same meaning and should not render the petitions invalid *(see, Matter of Ruiz v Saez,* 68 NY2d 154).

Finally, the Nassau County appellants further argue that the petitions designating members of the Democratic County Committee from the 13th Assembly District are improper because petitioners bound together several petitions and submitted them with one cover sheet. However, that cover sheet clearly complies with Election Law § 6-134 (2) as it sets forth the total number of signatures for each candidate and the pages on which they may be found *(see, Matter of Pecoraro v Mahoney,* 65 NY2d 1026). Brown, J. P., Weinstein, Eiber and Kooper, JJ., concur.