■ In the Matter of THOMAS J. MEEHAN et al., Appellants, v GEORGE WOLF et al., Respondents.—In a proceeding to invalidate a petition designating Anthony Noto, Raye R. D'Ambramo, Carol Canning, Jack Pellicano, Jr., Louis J. Maestri, William A. Dal Col, and Marquette L. Floyd as candidates in the Conservative Party primary election to be held on September 15, 1987, for the respective public offices of Supervisor of the Town of Babylon, Babylon Town Clerk, Babylon Town Receiver of Taxes, Babylon Town Superintendent of Highways, Babylon Town Councilman (respondents Maestri and Dal Col), and District Court Judge, 2nd District, Town of Babylon, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), dated August 7, 1987, as denied the application.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that the cover sheet of the instant designating petition lists seven Conservative Party candidates, all of whom seek public office within the same geographical area of the Town of Babylon. Immediately preceding the list of candidates is a paragraph which, in part, contains the following language: "I the undersigned * * * do hereby designate the following named person (or persons) as a candidate (or candidates) for the nomination of such party for public office or for election to a party position of such party". The cover sheet also includes a statement as to the total number of signatures and the total number of pages contained therein. Given these circumstances, we find that the cover sheet lists the specific office which each candidate is seeking and sufficiently indicates that all the signatures within the petition are for each of the seven candidates for their respective offices (see generally, Matter of Potter v Dudek, 68 NY2d 154; Matter of Keane v New York State Bd. of Elections, 122 AD2d 966, lv denied 68 NY2d 605; Matter of Swift v Lefever, 122 AD2d 922, lv denied 68 NY2d 605). As such, the cover sheet meets the requirement that "data must be set forth in a manner reasonably calculated to give the requisite notice and information to the reader" (Matter of Ruiz v Saez, 68 NY2d 154, 161; see, Election Law § 6-134 [2]). Mollen, P. J., Mangano, Thompson, Lawrence and Sullivan, JJ., concur.