■ In the Matter of G. OLIVER KOPPELL et al., Appellants, v BOARD OF ELECTIONS et al., Respondents. In the Matter of TED WEINSTEIN, Respondent, v G. OLIVER KOPPELL et al., Appellants. In the Matter of DOMINICK A. FUSCO, Respondent, v G. OLIVER KOPPELL et al., Appellants. In the Matter of DENNIS J. O'GRADY, Respondent, v JOHN DEARIE et al., Appellants. In the Matter of VINCENT A. MARCHISELLI et al., Appellants, v LESLIE McHENRY et al., Respondents. In the Matter of LESLIE McHENRY, Respondent, v VINCENT MARCHISELLI et al., Appellants.—Judgment, Supreme Court, Bronx County (Carl J. Mugglin, J.), entered August 17, 1987, which granted respondents' applications to invalidate appellants' designating petitions for judicial delegates and alternates to the Democratic

Judicial Convention of Bronx County for the 12th Judicial District of the 80th Assembly District (Koppell *et al.*), the 75th Assembly District (Dearie *et al.*), and the 82nd Assembly District (Marchiselli *et al.*), and which denied appellants' applications to validate the same, is reversed, on the law, and the Board of Elections is directed to restore these candidates to the ballot for the Democratic primary election.

Supreme Court held that the cover sheets for these designating petitions failed to comply with Election Law § 6-134 (2), citing *Matter of Pecoraro v Mahoney* (65 NY2d 1026) and *Matter of Ruiz v Saez* (68 NY2d 154). We find those decisions inapplicable here. The cover sheets before us complied literally with the strictures of this section of the Election Law by indicating "the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition". Since in each instance there were uniform slates of candidates, it was manifest from the content of the cover sheets that the total number of signatures applied to each and every candidate for delegate whose name and address were set forth. A separate block of identical information was furnished with respect to the alternate delegate slates. It would therefore be a practical impossibility for a valid signature to apply to some of the candidates on the slate without applying to them all. The challenged cover sheets are clearly distinguishable from the defective cover sheet in *Pecoraro (supra)*, where a joint petition for three separate offices—County Sheriff, District Attorney, and Comptroller—was involved, with the possibility of different signature totals for each candidate. Likewise, in *Ruiz (supra)*, there was an intermixture in three volumes of different candidates for the Senate, Assembly, Civil Court, and some 20 other party positions with ample opportunity for confusion. The single volumes here, on the contrary, were unambiguous with respect to the signatures which applied to each and every candidate for the same office, and specific language to that effect would have amounted simply to surplusage stating the obvious.

We also find support for our conclusion in the provisions of Election Law § 7-116 (3) which provides in connection with ballot preparation that candidates for delegates and alternates to judicial conventions "shall, for the purpose of this subdivision, *be treated as one group.*" (Emphasis added.) The cover sheets filed by appellants are consistent with this statutory pronouncement, and we find merit in the suggestion that in

this context the delegate and alternate delegate groups may be regarded as a single candidate. Concur—Kassal, J. P., Rosenberger, Ellerin, Wallach and Smith, JJ.