■ In the Matter of CLARK C. WEMPLE, Respondent, v SALVATORE LONGO et al., as Commissioners of the Schenectady County Board of Elections, Respondents, and CHRISTOPHER H. GARDNER, Appellant.—Per Curiam. Appeal from a judgment of the Supreme Court (Doran, J.), entered August 10, 1989 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Christopher H. Gardner as the Liberal Party candidate for the office of Schenectady County Legislator, Third Legislative District, in the September 12, 1989 primary election.

At issue on this appeal is whether the Liberal Party designating petition naming respondent Christopher H. Gardner as the Liberal Party candidate for a specified office in Schenectady County complies with the page numbering and cover sheet requirements of Election Law § 6-134 (2). We agree with Supreme Court that Gardner's petition is not in compliance with the statute.

The petition consists of 54 sheets bound together as a single volume, and designates six different candidates for six separate offices. The page numbering and cover sheet problems arise because only the name of the candidate seeking the county-wide office of District Attorney appears on each of the 54 pages of the petition. The names of the other five candidates, who are seeking offices for geographically restricted districts within the county, appear on various consecutively numbered sets of pages within the petition. The pages of the petition are numbered 1 through 54, and beginning on page 9, each sheet of the petition also contains a second page number. The first set of numbers is used in reference to the designation of the candidate for District Attorney and the candidates whose names appear on the first 8 pages of the petition. The second set of numbers is used in reference to the designation of the remaining candidates, with the numbering beginning with a new page 1 for each candidate. Thus, pages 1 through 8 contain the names of the candidates for the offices of District Attorney, City Judge and County Legislator for District I. Pages 9 through 16, also numbered pages 1 through 8, contain

the names of the candidates for the offices of District Attorney, City Judge and County Legislator for District II. Gardner's name first appears on the 17th page of the petition and continues to appear on each of the next 18 pages. The pages on which Gardner's name appears are double numbered as pages 17 through 35 and pages 1 through 19.

The cover sheet attached to the petition contains information relative to each of the six candidates. For the candidate seeking the office of District Attorney, the cover sheet states that the petition consists of 1 volume containing a total of 86 signatures on 54 pages, numbered 1 to 54. For Gardner, the cover sheet states that the petition consists of 1 volume containing a total of 31 signatures on 19 pages, numbered 1 to 19.

Election Law § 6-134 (2) requires that the designating petition be bound together in one or more volumes, with the pages numbered consecutively, beginning with the number 1. For petitions containing 10 or more pages, the statute also requires a cover sheet which must contain certain information, including the total number of signatures and pages comprising the petition (Election Law § 6-134 [2]). No particular form for the cover sheet is mandated by the statute, but the "data must be set forth in a manner reasonably calculated to give the requisite notice and information to the reader" *(Matter of Ruiz v Saez,* 68 NY2d 154, 161). In the case of a multicandidate designating petition, the Court of Appeals has explained: "While the statute permits the petition of several candidates to be joined, if the petition consists of more than 10 sheets, the cover sheet must set forth the total number of signatures designating candidates for each office, *and the pages on which they are found" (Matter of Delle Cese v Black,* 63 NY2d 694, 695 [emphasis supplied]).

The cover sheet herein accurately describes the petition as containing 31 signatures for Gardner on 19 pages. It states, however, that those pages are numbered 1 through 19, while Gardner's name first appears on the 17th page of the petition. As a result, election officials and interested parties had no choice except to search through the petition page by page to find the sheets which designated Gardner *(see, Matter of Pecoraro v Mahoney,* 65 NY2d 1026, 1028). Accordingly, Supreme Court properly declared invalid the designating petition of Gardner. The judgment should be modified, however, to change the general election day reference to the primary election scheduled for September 12, 1989.

Judgment modified, on the law, without costs, by deleting

the last three lines of the decretal paragraph and substituting "on the ballot for the primary election to be held on September 12, 1989, as the Liberal Party candidate for the office of County Legislator, District 3", and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.