■ In the Matter of ANN M. TYLER et al., Appellants, v GERALD EDELSTEIN et al., Respondents, and THOMAS F. BARRAGA et al., Respondents.—In a proceeding to invalidate a petition designating Thomas F. Barraga, Steven M. Shatz, Emily F. Leirer, Janet Selleck, and Andrew Q. Chappell, as candidates in the Conservative Party primary election to be held on September 12, 1991, for the nomination of that party as its candidates for the public offices of Supervisor, Member of the Council (respondents-respondents Shatz and Leirer), Clerk, and Receiver of Taxes of the Town of Islip, respectively, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated August 9, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The cover sheet of the instant designating petition lists five Conservative Party candidates, all of whom seek public office within the same geographic area of the Town of Islip. Immediately preceding the list of candidates is a paragraph stating, *inter alia:* "I, the undersigned * * * do hereby designate the following named person (or persons) as a candidate (or candidates) for the nomination of such party for public office or for election to a party position of such party". The cover sheet also includes a statement as to the total number of signatures and the total number of pages contained therein, as well as a statement that "all of the above pages and signatures apply to the designated candidate". The information provided complies with the mandate of Election Law § 6-134 (2) inasmuch as it indicates that all the signatures within the petition are for each of the five candidates for their respective offices *(see, Matter of Potter v Dudek,* 68 NY2d 154; *Matter of Meehan v Wolf,* 133 AD2d 199; *Matter of Keane v New York State Bd. of Elections,* 122 AD2d 966).

The petitioners' claim that the cover sheet is also subject to invalidation because "the size of the print containing the names and addresses of the members of the committee to fill vacancies is so small as to be illegible and indecipherable" is meritless since the Election Law contains no requirement that the cover sheet include a list of the names and addresses of the members of the committee to fill vacancies *(see,* Election Law § 6-134). Mangano, P. J., Thompson, Sullivan and Lawrence, JJ., concur.